# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

FILED
2025 SEP 30 A 10: 31

Kevin Cecil Hollinger
7100 Point Replete Circle
Fort Belvoir, VA 22060

    Plaintiff,

Civil Action No. 1:25cv1636

And

Enlisted Association of the National Guard
of the United States (EANGUS)
1 Massachusetts Avenue NW Suite 880
Washington, D.C. 20001

    Defendant.

## Plaintiff's Memorandum of Law in Support of Copyright Infringement Claims Against EANGUS

## INTRODUCTION

This action arises from Defendant's unauthorized use, reproduction, and public display of at least seven original works authored by Plaintiff Kevin Hollinger ("Plaintiff"). Prior to employment with Defendant, Plaintiff negotiated and secured in writing via email with then-President Karen Creig an agreement that his writings and intellectual property would remain his exclusive property, regardless of his position at EANGUS.

Despite this clear arrangement, Defendant has continued to publish Plaintiff's copyrighted works on its official website without license, credit, or compensation. These actions constitute willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

Plaintiff seeks statutory damages up to $1,050,000 or, in the alternative, actual damages not less than $250,000, as well as injunctive relief and declaratory judgment affirming his ownership rights.

## STATEMENT OF FACTS

1. Plaintiff is a professional writer, strategist, and consultant who, prior to working with EANGUS, created multiple policy, legislative, and organizational documents.
2. In or around the time of his engagement with EANGUS, Plaintiff negotiated with then-President Karen via email that his writings and intellectual property would remain his own. This agreement excluded his works from the "work made for hire" doctrine under 17 U.S.C. § 101.
3. Plaintiff authored and retained ownership of at least seven works that are now publicly displayed on Defendant's website without authorization.
4. Defendant has been placed on notice of Plaintiff's ownership rights but has failed to remove the infringing works.
5. Defendant's actions are knowing, deliberate, and willful, depriving Plaintiff of recognition, control, and the opportunity to license or otherwise exploit his works.

## LEGAL STANDARD

To prevail on a claim for copyright infringement, a plaintiff must establish:

1. ownership of a valid copyright; and
2. copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

When infringement is established, the Copyright Act allows plaintiffs to seek either actual damages and profits under § 504(b), or statutory damages under § 504(c). Where infringement is willful, statutory damages may reach $150,000 per work infringed.

## ARGUMENT

### I. PLAINTIFF IS THE VALID COPYRIGHT OWNER OF THE WORKS

Under 17 U.S.C. § 201(a), copyright ownership vests initially in the author of the work. While "works made for hire" under § 101 can vest ownership in the employer, parties are free to agree otherwise.

Here, Plaintiff expressly negotiated with then-President Karen that his writings would remain his property. Courts consistently uphold such agreements. *See Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412 (7th Cir. 1992) (work not a work-for-hire when parties agreed otherwise); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989) (ownership turns on the nature of the employment and the parties' express intent).

Thus, Plaintiff is the undisputed copyright owner of the Works.

### II. DEFENDANT'S CONDUCT CONSTITUTES WILLFUL COPYRIGHT INFRINGEMENT

Defendant continues to display and distribute Plaintiff's works without authorization. This satisfies both elements of infringement under *Feist*.

Further, infringement is willful when a defendant had actual or constructive knowledge of infringement. *See Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). Defendant had **actual knowledge** because Plaintiff secured a written agreement establishing his rights.

Defendant's continued posting of the Works despite knowledge of Plaintiff's rights constitutes deliberate disregard for copyright law.

## III. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES OR, ALTERNATIVELY, ACTUAL DAMAGES

Under 17 U.S.C. § 504(c)(1), Plaintiff may elect statutory damages of $750 to $30,000 per infringed work. Where infringement is willful, damages may be enhanced up to $150,000 per work, § 504(c)(2).

- With seven works infringed, the statutory damages range is $5,250 – $1,050,000.
- Plaintiff seeks the maximum allowable statutory damages of $1,050,000, reflecting Defendant's willful misconduct.

Alternatively, under § 504(b), Plaintiff may recover actual damages and profits attributable to the infringement. Plaintiff estimates actual damages not less than $250,000, reflecting the fair licensing value of the Works, loss of professional opportunities, and reputational harm.

Courts in the Fourth Circuit and beyond have upheld awards of significant damages in similar circumstances. *See Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir.

2003) (awarding damages for unauthorized use of artwork); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 140 (2d Cir. 2010) (statutory damages upheld where infringement was knowing).

## IV. INJUNCTIVE RELIEF IS NECESSARY TO PREVENT CONTINUED HARM

The Copyright Act authorizes permanent injunctions to prevent or restrain infringement. 17 U.S.C. § 502(a). Courts regularly grant injunctions where infringement is ongoing. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1218 (C.D. Cal. 2007).

Here, Defendant continues to host Plaintiff's Works on its website. Monetary damages alone are insufficient; injunctive relief is required to prevent continued harm to Plaintiff's rights and reputation.

## V. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS

Under 17 U.S.C. § 505, the prevailing party in a copyright infringement case may recover attorneys' fees and costs. The Supreme Court has affirmed that such fees are awarded to further the goals of the Copyright Act. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

Though Plaintiff proceeds *pro se*, he is still entitled to recover litigation costs, and if he retains counsel, attorneys' fees as well.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant relief as set forth in the Complaint, including:

- A declaration of Plaintiff's sole ownership of the Works.

- A permanent injunction prohibiting Defendant from reproducing, distributing, or displaying the Works.
- An order requiring removal of all infringing content from Defendant's website and materials.
- An award of statutory damages of up to $1,050,000 or, alternatively, actual damages not less than $250,000.
- An award of attorneys' fees and costs; and
- Any further relief this Court deems just and proper.

**Respectfully submitted,**

Date: September 30, 2025

*/s/ Kevin Hollinger*

**Kevin Hollinger**
7100 Point Replete Circle
Fort Belvoir, VA 22060
Plaintiff, Pro Se